Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7241 | **DATE** | 11/19/2010 |
| **CASE TITLE** | Sheik El Kahr An'nor El Forqon Bey v. US, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's petition to proceed *in forma pauperis [3]* is denied. If petitioner fails to pay the filing fee of $350 within 14 days, this case will be dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Sheik El Kahr An'nor El Forqon Bey filed a petition to file his complaint *in forma pauperis*.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. The Court finds that petitioner has demonstrated that he is impoverished within the meaning of the statute, although the Court finds his responses incredible. In his affidavit, petitioner states that he is unemployed and that he has never worked. His wife is also unemployed. According to his affidavit, in the last twelve months, neither petitioner nor anyone living with him has received any wages, salary, business income, rental income, dividends, pensions, social security, unemployment compensation, annuities, disability payments, gifts, inheritances, public assistance or any other income. Nor do they have any assets. How petitioner pays for his living expenses or the color printer on which he printed his complaint is not clear. The Court, however, takes the answers as true and reminds petitioner that the penalty for making false statements on his financial affidavit is dismissal of his case.

Next, the Court considers whether the complaint is frivolous. A complaint is factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. at 33. Although petitioner's complaint is often incomprehensible, petitioner seems to be complaining about having been charged with misdemeanor trespass and forced to leave a building located at 7808 S. Hermitage Avenue on either October 11 or 12, 2010. Petitioner claims he had a right to be at 7808 S. Hermitage, and it is the facts petitioner alleges as to his right to be there that the Court finds irrational, incredible and factually frivolous.

**STATEMENT**

The allegations are not clear, but petitioner seems to allege that in 1928, a prophet was given North America, South America and Central America in "fee simple absolute." Petitioner has since inherited those lands. The Court finds these allegations to be factually frivolous. The Court notes, too, that the petitioner has failed to state a claim upon which relief may be granted.

Accordingly, the Court denies petitioner's petition to proceed *in forma pauperis*.